■ Teisha McCrimmon, an Infant, by Her Mother and Natural Guardian, Alice McCrimmon, et al., Respondents, v New York City Housing Authority, Appellant, et al., Defendant. [707 NYS2d 626] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered September 13, 1999, which, in an action to recover for personal injuries sustained as a result of inadequate building security, denied defendant building owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court

and Justice, entered October 25, 1999, which granted plaintiffs' motion to preclude defendant's experts from testifying at trial, unanimously reversed, on the law and the facts, without costs, the motion denied and defendant's expert witnesses shall be permitted to testify at trial.

Plaintiff offered competent evidence sufficient to raise a triable issue of fact as to whether the building entrance lock was broken at the time of the attack, and, if so, whether defendant had notice thereof. Furthermore, the codefendant's criminal trial testimony, suggesting that he gained access to the building when a woman with a baby in arms held the door open for him, simply raises an issue of credibility for the jury. As the motion court noted, such testimony served to bolster the codefendant's unsuccessful defense.

Since defendant established "good cause" for its failure to timely disclose two expert witnesses who had been retained while the summary judgment motion was pending, and plaintiff was not thereby prejudiced, defendant should not have been precluded from calling the experts at trial (CPLR 3101 [d] [1] [i]; *see*, *Gallo v Linkow*, 255 AD2d 113, 116-117). Concur— Sullivan, P. J., Nardelli, Mazzarelli and Saxe, JJ.